UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA RAE JIMKOSKI, Personal
    Representative of the Estate of
ALGER ANTHONY JIMKOSKI,
    Deceased, a legally incapacitated
    Adult,

        Plaintiff,

v.                                   Case No.: 02-71701
                                HONORABLE VICTORIA A. ROBERTS

STATE FARM MUTUAL AUTOMOBILE
    INSURANCE COMPANY,

        Defendant.
_____/

**OPINION AND ORDER**

**I.   INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's March 16, 2005 Opinion and Order dismissing the complaint [Doc. 30]. For the reasons stated, the Court GRANTS, in part, and DENIES, in part, Plaintiff's Motion.

**II.   BACKGROUND**

The relevant facts are outlined in the Court's March 16, 2005 Order of Dismissal and Judge George Woods' May 19, 2004 Order Granting In Part and Denying In Part Defendant's Motion for Summary Judgment and/or Judgment on the Pleadings.[1]

**III.   APPLICABLE LAW AND ANALYSIS**

---

[1] It came to the Court's attention on May 27, 2005 that Defendant apparently did not receive the Court's April 7, 2005 request for a response to Plaintiff's motion for reconsideration by April 21, 2004. Defendant subsequently filed a response on June 2, 2005.

Local Rule 7.1(g)(3) of the Eastern District of Michigan notes that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A.  Plaintiff's Claims Prior to 1993 Are Barred By Statute of Limitations

Plaintiff avers that claims under the No-Fault Act relating to actions prior to the effective date of the 1993 amendment to Mich. Comp. Laws § 600.5851 are not covered by the Michigan Court of Appeals decision in *Cameron v. Auto Club Insurance Association*, 263 Mich. App. 95 (2004).  Plaintiff is correct on this point.  *Cameron* states that § 5851 applies only to claims arising after the effective date of the Act.

Plaintiff's pre-1993 claims are, nonetheless, barred by the statute of limitations. Prior the 1993 amendment, and unchanged by the amendment, is a requirement that action be taken within one year of removal of the disability on actions tolled by the statute.  The pre-1993 statute states:

> (1) Except as otherwise provided in subsection (7), if the person first entitled to make an entry or bring an action is under 18 years of age, insane, or imprisoned at the time the claim accrues, the person or those claiming under the person *shall have 1 year after the disability is removed through death* or otherwise, to make the entry or bring the action although the period of limitations has run.

Mich. Comp. Laws § 600.5851 (1992).

Mr. Jimkoski's disability was removed, per statute, when he died on August 14, 2000.  At that time the one year period under Mich. Comp. Laws § 600.5851(1) began to run.  Therefore, to recover on any claims related to acts prior to the effective date of the 1993 amendments, a timely suit must have been filed by August 14, 2001.  Plaintiff

filed in March 2002.

    B.    Plaintiff's Claim for Benefits Owed One Year Prior to Death Should Be Reinstated

Plaintiff correctly states that claims based on acts that occurred within one year of death are not time barred under Michigan's death savings statute. This argument was not employed by Plaintiff in response to Defendant's Motion.[2]

Mich. Comp. Laws § 600.5852 states:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

Plaintiff asserts that letters of authority were issued to Mrs. Jimkoski on March 19, 2001, thus a filing in March 2002 was timely. Under the death savings statute, Plaintiff's claims based on acts related to the No-Fault claim which occurred in the year prior to Plaintiff's death are proper. The statute of limitations on these claims would not exhaust until August 2003. Those claims will be reinstated.

    C.    Plaintiff's Common Law Claim of Bad Faith Breach of Insurance Contract Will Not Be Reinstated

In its March 2005 Order, this Court did not directly address Defendant's Motion for Reconsideration of Plaintiff's common law claims, and dismissed the claims without

---

[2] Defendant argues that the Court should not consider this argument since it was not employed during the initial motion for reconsideration and is barred pursuant to L.R. 7/1(g)(3). The Local Rule cited by Defendant expressly does not limit the Court's discretion in considering motions for reconsideration. Given that the applicability of Mich. Comp. Laws § 600.5852 was not directly at issue in the previous motions, the Court will consider Plaintiff's argument.

discussion. The Court will now review Plaintiff's claims related to those Counts.

In his May 19, 2004 Order, Judge Woods determined that Plaintiff's sole common law claim of bad faith breach of insurance contract in Count II was actionable. Woods Order at p. 16. Relying on *Isagholian v. Transamerica Ins. Corp.*, 508 Mich. App. 9, 17 (1994), Judge Woods found that Plaintiff established a bad faith breach of insurance contract claim. *Id.* at 17 (holding a plaintiff may not recover damages for mental distress in a "breach of contract action absent allegation and proof of tortious conduct existing independently of the breach of contract"). Without articulating the basis for his conclusion, Judge Woods stated:

> Plaintiff has pleaded and presented evidence from Defendant's adjusters suggesting that Defendant's conduct was fraudulent, unreasonable and outrageous.

Woods Order at p. 16.

At the outset, this Court notes that Michigan law does not recognize an independent tort based upon a bad faith breach of insurance contract. *Kewin v. Massachusetts Mutual Life Ins. Co.*, 409 Mich. 401, 403 (1980); *Roberts v. Auto-Owners Ins. Co.*, 422 Mich. 594 (1985); *Hearn v. Rickenbacker*, 428 Mich. 32 (1987). The Michigan Supreme Court specifically "decline[d]... to declare the mere bad faith breach of an insurance indemnity contract an independent and separately actionable tort and to thereby open the door to recovery for mental pain and suffering caused by a breach of a commercial contract." *Kewin*, 409 Mich. at 423. Interpreting *Kewin*, the Michigan Court of Appeals noted "the [Michigan] Supreme Court['s holding] affirmed the application of the *Hadley v. Baxendale* rule," and continued to state that the "application of the rule in the commercial contract situation generally results in a limitation of

damages to the monetary value of the contract had the breaching party fully performed under it." *Burnside v. State Farm Fire and Casualty Co.*, 208 Mich. App. 422, 428 (1995).

Michigan law does recognize an independent tort claim related to a bad faith breach when a plaintiff's complaint alleges a *breach of duties existing independent of and apart from the contract of insurance*. *Kewin*, 409 Mich. at 420-421; *Hearn*, 428 Mich. at 40; *Roberts*, 422 Mich. at 601-602. Thus, "'[i]f a relationship exists which would give rise to a legal duty without enforcing the contract promise itself, the tort action will lie, otherwise not.'" *Haas v. Montgomery Ward and Co.*, 812 F.2d 1015, 1016 (6th Cir. 1987) (*quoting Hart v. Ludwig*, 347 Mich. 559, 567, 79 N.W.2d 895, 898 (1956)). That is to say, if the breach of the insurance contract was done in bad faith and duties existed independent and apart from the insurance contract, the individual may recover for an independent tort (e.g., intentional infliction of emotional distress or fraud). *See Roberts*, 422 Mich. at 601-602 (intentional infliction of emotional distress claim considered based on allegations of bad faith breach of insurance contract); *see also Crossley v. Allstate Ins. Co.*, 155 Mich. App. 694, 698-699 (same); *Runions v. Auto Owners Ins. Co.*, 197 Mich. App. 105, 109 (1992) (holding that intentional infliction of emotional distress claim fails because Defendant fails because no allegations of breach of duty distinct from contract). Nonetheless, the Michigan Supreme Court is clear: bad faith breach of an insurance contract is not, in and of itself, a claim under Michigan law.[3]

---

[3] Interestingly, in *Isagholian v. Transamerica Ins. Corp.*, 208 Mich. App. 9, 17 (1994), the case relied on by Judge Woods, the Court found that the plaintiff's claim of

In response to Defendant's Motion for Summary Judgment relating to Plaintiff's claim of Bad Faith Breach of an Insurance Contract, Plaintiff argued:

> It is Plaintiff's position that Defendant, State Farm[,] acted in bad faith. Plaintiff has already presented testimony to this court from Defendant's own adjusters indicating fraud[,] unreasonableness and outrageous conduct on the part of State Farm. Defendant is right in point out [sic] that the Michigan Courts [sic] decisions following Kewin v. Massachusetts Mutual Life Insurance Co., 409 Mich 401 (1980) have held that in order to proceed on a claim for bad faith breach of an insurance contract, Plaintiff must produce evidence indicating that there was a tort independent of breach. Plaintiff's claim for bad faith breach of the insurance contract is not based merely on the fact that Defendant refused to pay benefits to Mr. Jimkoski. As Plaintiff has already pointed out to this court, Defendant's own adjusters have been deposed and have testified that the conduct of State Farm Insurance Company was outrageous, unreasonable and fraudulent. In 1983, when Defendant was aware that Mr. Jimkoski was entitled to be paid for attendant care benefits, instead of doing the correct thing and paying both past and present benefits, Defendant, State Farm Insurance Company committed further acts of fraud in failing to disclose to Mr. Jimkoski that he was entitled to receive compensation for room and board as well as replacement services. Defendant, State Farm[,] continued this fraud until Mr. Jimkoski's death in August of 2000.

Pl. Resp. Mo. for Summ. J. at pp. 20-21. Regardless of the opinions of Defendant's adjusters, it appears that the basis of Plaintiff's claim of bad faith breach of insurance contract is that Defendant did not fully inform Plaintiff of amounts he was potentially due in 1983, and failed to disclose to Mr. Jimkoski that he was entitled to receive compensation for room and board.

Putting aside the question of whether the statute of limitations has tolled on the acts from 1983, Plaintiff's bad faith allegations cannot be separated from Defendant's contractual duties. Indeed, if true, Defendant's actions were tragic, however, there is no

---

"bad faith failure to pay [the] contractual obligation... is insufficient to establish an independent tort action."

allegation that a relationship or duty exists between Plaintiff and Defendant independent of and apart from their contractual relationship. Plaintiff essentially alleges that Defendant's bad faith is its refusal to acknowledge and pay claims and its assertion that certain costs were not recoverable or were limited under the policy. This is not "independent of and apart from" the contractual relationship. *See Smith v. Metropolitan Life Ins. Co.*, 107 Mich. App. 447, 451 (1981) (finding wilful and intentional deprivation of rights under the insurance contract does not support a finding of tortious conduct in light of *Kewin*). "At most, [Plaintiff] attempts to plead the nonexistent tort of bad faith handling of an insurance claim." *Runions*, 197 Mich. App. at 110 (*citing Roberts*, 422 Mich. at 604-608). Accordingly, to the extent Plaintiff alleges a tort claim for bad faith breach of the insurance contract, it is DISMISSED.[4]

## IV. CONCLUSION

For the reasons stated, the Court GRANTS, in part, and DENIES, in part, Plaintiff's Motion for Reconsideration. The Court reinstates only Plaintiff's No-Fault claims based on acts that occurred within one year of death.

**IT IS SO ORDERED.**

                                         **s/Victoria A. Roberts**
                                         **Victoria A. Roberts**
                                         **United States District Judge**

**Dated: June 8, 2005**

---

[4] Plaintiff withdrew the claim of intentional infliction of emotional distress in 2003, and no fraud claim is pled.

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 8, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**