UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


PATRICIA RAE JIMKOSKI, Personal
Representative of the Estate of ALGER
ANTHONY JIMKOSKI, Deceased,

          Plaintiff,


v.                                  Case No. 02-71701
                                  Honorable Victoria A. Roberts


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

          Defendant.
_____

## ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING ROOM AND BOARD CLAIM


**I.    INTRODUCTION**

      This matter is before the Court on Defendant's Motion for Partial Summary

Judgment.  For the reasons stated below, the Court **GRANTS** Defendant's Motion.

**II.    BACKGROUND**

      This case arises out of an automobile accident that occurred on October 26,

1976.  The Plaintiff's decedent, Alger Jimkoski ("Jimkoski"), was severely injured when

he was rear ended by a pick-up truck while riding his tractor.  Jimkoski was insured by

the Defendant, State Farm, at the time of the accident.  Jimkoski received some

1

benefits from the Defendant following the accident.

On March 15, 2002, the Plaintiff, Jimkoski's wife Patricia Jimkoski, filed this action.  Various orders were issued during this litigation and the only claim that remains is for additional benefits under the Michigan No-Fault Act.  Specifically, the Plaintiff seeks room and board and attendant care benefits for the one year period of time preceding Jimkoski's death, August 15, 1999 through August 14, 2000, pursuant to MCL §§ 500.3105 and 500.3107.

## III.    STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).  "A federal court sitting in diversity applies the substantive law of the state in which it sits."  *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 566 (6th Cir. 2001)(citation omitted).

## IV.    APPLICABLE LAW AND ANALYSIS

The parties dispute whether room and board is an allowable expense when the care is provided at home.  In addition to food and housing, the Plaintiff defines room and board to include utilities, gas, electric and telephone. [Plaintiff's Response, p. 11].  Both parties discuss a recent Michigan Supreme Court decision which concluded that food is not an allowable expense under the Michigan No-Fault Act.  *Griffith v. State Farm Mutual Automobile Ins. Co.*, 472 Mich. 521 (2005).  In *Griffith*, the plaintiff was severely brain damaged in an automobile accident.  Following extensive institutional care, the

2

plaintiff returned home and received care from his wife.  He sought food costs as an
allowable expense pursuant to Michigan's No-Fault Act.

The court ruled that "a no-fault insurer is liable to pay benefits only to the extent
that the claimed benefits are causally connected to the accidental bodily injury arising
out of an automobile accident."  *Id.* at 531.  The court found the defendant was not liable
for daily food expenses because there were no special dietary needs that made his food
costs different from those that are ordinarily necessary.  The plaintiff argued that
because the injured party could have been institutionalized if a family member did not
provide care, the family member should be reimbursed for the costs that would be paid
if the injured party was at an institution.  The court disagreed: "[u]nder plaintiff's
reasoning, nothing would prevent no-fault insurers from being obligated to pay for any
expenses that an injured person would otherwise be provided in an institutional setting
as long as they are remotely related to the person's general care."  *Id.* at 539.  The court
felt that interpretation stretched the language of the act too far.  *Id.*

In explaining its rationale for precluding at home food reimbursement as an
allowable expense, the court stated "[t]his reasoning can be taken a step further when
considering the costs of items such as an injured person's clothing, toiletries, and even
housing costs."  The court alluded to the fact that housing is not an "allowable expense."
*Id.* at 536, fn13 and 539.

A.    **Claim for Food as an Allowable Expense**

Because the Plaintiff does not allege there was any change in Jimkoski's dietary
needs as a result of the accident, his food costs are not an allowable expense.  The
Plaintiff virtually concedes there was no change, "[t]here is no indication in the medical

3

charts that Mr. Jimkoski's diet would have been any different other than the requirement that he watch his caloric intake, not take foods that would affect his rather severe physical condition and to [take] his medicines on a regular basis." [Plaintiff's Response, p. 11]. Under *Griffith*, it is clear that without an allegation that the accident resulted in a change in food costs, summary judgment is proper on Plaintiff's claim for Jimkoski's food as an allowable expense. *Griffith* is determinative. *Griffith,* 472 Mich. at 540.

### B.    Claim for Housing Costs as an Allowable Expense

The Defendant concedes that the issue of housing costs was not directly before the Court in *Griffith* and that references to it were dicta. [Defendant's Reply, p. 3]. Nonetheless, based on the reasoning in *Griffith* and the *Griffith* court's indication that the reasoning applies to all ordinary daily care costs not affected by the accident, summary judgment is also appropriate on Plaintiff's request for "room" - which is outlined by Plaintiff to include utilities, gas, electric and telephone.

The Plaintiff argues that current law permits room and board as an allowable expense, relying on *Manley v. Detroit Automobile Inter-Insurance Exchange*, 425 Mich. 140 (1986). In *Manley*, a minor child was injured in an automobile accident. The issue at trial was *how much* the plaintiff could receive for room and board, and the defendant did not contest room and board as an allowable expense. The jury returned a verdict of $30 per day. However, the Michigan Court of Appeals set aside the award because it felt the parties used the term room and board to include items that were not allowable expenses. The Michigan Supreme Court reversed the Court of Appeals because whether room and board was an allowable expense was neither before the trial court nor the Court of Appeals. The Michigan Supreme Court did not address whether room

4

and board was an allowable expense, and it let the jury verdict stand.  The Supreme

Court was clear in *Manley* that whether room and board is an allowable expense under

the No-Fault Act was an open issue to be decided in the appropriate case.

*Griffith* has provided a definite answer concerning "board," and Defendant in this

case now challenges "room," or "housing" as an allowable expense.

Since the Michigan Supreme Court has not ruled directly on any other costs

typically included in "room and board" other than food, in diversity cases where the

"forum state's highest court has not addressed the issue, the federal court must

ascertain from all available data...what the state's highest court would decide if faced

with the issue."  *Grantham & Mann v. American Safety Products, Inc.*, 831 F.2d 596,

608 (6th Cir. 1987).  Part of the available data, with respect to how the Michigan

Supreme Court would address housing as an allowable expense, is the court's

statements in *Griffith*, albeit dicta.  *See Griffith*, 472 Mich. at 536, fn13 and 539.

It is clear from the statutory interpretation done by the Michigan Supreme Court

in *Griffith* that any expense that does not arise from the accident is not an allowable

expense under Michigan's No-Fault Act.  Therefore, summary judgment is appropriate

on Plaintiff's claim for room, or housing, since it is an ordinary daily care expense which

would exist even if the Plaintiff had never been in an accident.

This Court could also certify the question to the Michigan Supreme Court.

"Certification has proved to be an important tool for federal courts sitting in diversity,

since it frees them from having to speculate how state courts will decide important

questions of state law."  *Grover v. Eli Lilly and Company*, 33 F.3d 716, 719 (6th Cir.

1994).  *See* MCR 7.305(B) and E.D.Mich. LR 83.40.  In the interest of bringing the

5

entire matter to trial expeditiously, the parties decline to seek certification on the

question of housing as an allowable expense under MCL § 500.3107(1)(a).

## VI.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Partial

Summary Judgment Regarding Room and Board Claim.

**IT IS SO ORDERED.**


                                        **s/Victoria A. Roberts**
                                        **Victoria A. Roberts**
                                        **United States District Judge**

**Dated:  October 27, 2005**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 27, 2005.**

**s/Linda Vertriest**
**Deputy Clerk**

---