UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA JIMKOSKI, Personal Representative of
the Estate of ALGER JIMKOSKI,

    Plaintiff,

v.                                                          Case No. 02-71701
                                                                Honorable Victoria A. Roberts

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR
RECONSIDERATION AND/OR REHEARING**

**I.    INTRODUCTION**

       This matter is before the Court on Defendant's motion for reconsideration and/or rehearing of the Order denying Defendant's motion to dismiss for lack of subject matter jurisdiction. For the following reasons, the Court **DENIES** Defendant's Motion.

**II.    BACKGROUND**

       This case arises out of an automobile accident that occurred on October 26, 1976. The Plaintiff's decedent, Alger Jimkoski ("Jimkoski"), was severely injured when he was rear ended by a pick-up truck while riding his tractor. Jimkoski was insured by the Defendant, State Farm, at the time of the accident. Although not initially, Jimkoski did receive benefits from the Defendant. However, on March 15, 2002, the Plaintiff,

Jimkoski's wife Patricia Jimkoski, as personal representative of Jimkoski's estate, filed this action claiming he was entitled to additional benefits. By order of the Court in accordance with the statute of limitations, the Plaintiff's claim is limited to additional No-Fault benefits from August 14, 1999 through August 14, 2000.

The Defendant sought dismissal of this action for lack of subject matter jurisdiction. The Defendant claimed the action should have been brought in the name of Patricia Jimkoski in her own right, since she is the one claiming she is owed the attendant care benefits. Further, the Defendant argued that the statute of limitations has run, preventing the Plaintiff from amending the complaint to bring the claim in her own name. The Plaintiff contended that the estate may properly bring the claim for additional benefits. She asserted the injured party is the proper party to seek benefits.

At a hearing on Defendant's motion on November 23, 2005, the Court denied Defendant's motion. The Court held Jimkoski implicitly purchased the services provided by his wife. Therefore, he had a claim against State Farm for attendant care benefits for the care he received. Following his death, his estate could maintain the claim for benefits. The Defendant seeks reconsideration of the Court's decision, arguing probate court rules required the family as a creditor to submit a claim against the estate.

### III. APPLICABLE LAW AND ANALYSIS

The sole question is whether Jimkoski had a claim against the Defendant for additional attendant care benefits for the care provided by his family. If Jimkoski had a claim, the personal representative of his estate may now maintain that claim.

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at


> any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences within 3 years after the period of limitations has run.

MCL § 600.5852. *See also* MCL § 500.3145(1). No-fault benefit actions survive. *See Taulbee v. Mosley*, 127 Mich.App. 45 (Mich.App. 1983).

Jimkoski had a claim for additional attendant care benefits assuming *arguendo* that he required more care than the Defendant was paying him for and/or at a rate higher than he was being paid. Jimkoski implicitly purchased the care at the reasonable market value when he received it. *Manley v. Detroit Automobile Inter-Insurance Exchange*, 127 Mich.App. 444, 455 (Mich.App. 1984). Jimkoski incurred the cost of the care he received whether or not his family actually billed him for it. *Booth v. Auto-Owners Ins. Co.*, 224 Mich.App. 724, 729-730 (Mich.App. 1997). As the Defendant itself concedes at several points in its brief, "[i]f Mr. Jimkoski were alive, he could have brought this claim for himself against State Farm and distributed the funds to his family or any care provider." [Defendant's Brief, p. 2; *see also* p. 6].

Therefore, because Jimkoski implicitly purchased the care he received and he allegedly received more care than the Defendant paid him for, he had a claim for additional attendant care benefits. His personal representative may properly maintain the claim pursuant to MCL 600.5852. The Court's ruling stands for the reasons stated at the hearing and the reasons presented here.

**IV.    CONCLUSION**

3

For the foregoing reasons, the Court **DENIES** Defendant's Motion for reconsideration and/or rehearing.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
**Victoria A. Roberts
United States District Judge**

**Dated:  November 29, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 29, 2005.**
>
> **s/Linda Vertriest
> Deputy Clerk**